UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJIBULLA AMIN, | No. 2:24-cv-03557-TLN-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAMAN MOMAND, et al., | |
| Defendants. | |

Plaintiff proceeds pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the Court is Defendants' Motion to Dismiss (ECF No. 10 & 12)[1] which seeks to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.  Opposition and reply briefs have been filed.  ECF Nos. 13 & 14.  On April 3, 2025, Plaintiff failed to appear at a hearing on Defendant's motion.  The Court recommends that the Motion to Dismiss be GRANTED without leave to amend.

**I.    Background and Procedural History**

The Complaint was filed on December 18, 2024.  ECF No. 1.  Plaintiff alleges that jurisdiction is based on diversity of citizenship and that Defendants owe him $37,234.  *Id*. at 5.  It appears that Plaintiff alleges Defendants made a false report that Plaintiff refused a drug and

---

[1] The motion was filed twice, as it was improperly noticed before Judge Nunley and was required to be re-noticed before the undersigned.  ECF No. 11.

1

alcohol test which resulted in Plaintiff's truck-driving license being suspended for three months. *Id.* Attached to the Complaint are some pay stubs as well as a "personal statement" from a purported witness. *Id*. at 14. The statement claims that Defendant Mr. Momand fired Plaintiff and then made a false report about him to the Federal Motor Carrier Safety Administration ("FMCSA"). *Id.* The statement claims Defendants withheld Plaintiff's wages, and wages of other drivers. *Id.* Plaintiff attaches additional affidavits with similar information, though much of it vague. *Id.* at 15-18. There is also a purported unsigned statement from Plaintiff. *Id.* at 19-20. It states Defendants withheld a final paycheck in the amount of $4,000 and made a false report to FMCSA, which resulted in Plaintiff being unable to work for three months.

## II. Legal Standard for Motion to Dismiss Under Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges the court's subject-matter jurisdiction over the action. Such jurisdictional challenge can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* If a facial challenge is made, the court presumes the truth of a plaintiff's allegations and draws all reasonable inferences therefrom. *Williams v. A&M Bros, LLC*, 2023 WL 4747481 (E.D. Cal. July 25, 2023) (citation and quotation omitted).

## III. Legal Standard on a Motion to Dismiss under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**IV.     Analysis**

Defendants move to dismiss Plaintiff's Complaint on two primary grounds: 1) the Court lacks subject matter jurisdiction because the amount in controversy is not met for purposes of diversity of citizenship jurisdiction; and 2) Plaintiff fails to state a claim. ECF No. 12 at 2. Defendants' jurisdictional challenge is facial – it argues that jurisdiction is not established, even taking the allegations in the Complaint as true. Alternatively, Defendants move for more definite statement pursuant to Rule 12(e). Rule 12(e) allows for a motion for more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If the court issues an order requiring a more definite statement, and the order is not complied with, the court may strike the pleading. *Id.*; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

### A. Subject Matter Jurisdiction

The Complaint does not satisfy the amount-in-controversy requirement for diversity jurisdiction. It alleges damages of just $37,234. ECF No. 12 at 5.[2] This fails to meet the requirement of more than $75,000 provided by 28 U.S.C. § 1332(a).

When a complaint is filed initially in federal court, as it was here, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount alleged in the complaint controls so long as the claim is made in good faith. *Id.*

As Defendants note, Plaintiff's opposition brief does not argue that the amount-in-controversy requirement is met. ECF No. 14 at 2. Plaintiff's opposition states that the damages he claims are $4,000 in withheld funds and three months of lost wages for when Plaintiff could not work due to the false report to FMCSA. ECF No. 13 at 1. Plaintiff further states that Defendant Mr. Momand "added over $70,000 on my 1099" causing him to pay more taxes. ECF No. 13 at 2. There is no suggestion of damages that might exceed $75,000. "The Court cannot exercise jurisdiction in this matter [unless] Plaintiff alleges in good faith that the aggregate amount in controversy exceeds the statutory minimum." *Rivera v. Countrywide Home Loans*, No. 15-cv-6086-GW (FFMX), 2015 WL 12781238, at *2 (C.D. Cal. Nov. 12, 2015); *see also U.S. Pub. v. People in U.S.*, No. 24-cv-0369-BAS-VET, 2024 WL 1685215, at *1 (S.D. Cal. Apr. 18, 2024) (finding diversity jurisdiction lacking where "[p]laintiffs fail[ed] to plead the amount in controversy in this case exceeds $75,000 and fail[ed] to allege any facts that could reasonably establish this threshold amount in controversy").

The only question is whether Plaintiff should be granted leave to amend. The fact that Plaintiff has not pleaded any particular cause of action hinders meaningful evaluation of whether he could, through amendment, exceed the $75,000 requirement. "Dismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). It is

---

[2] Page references herein are to the number generated by the Court's CM/ECF system and appearing on the upper right corner of the page.

4

not inconceivable that Plaintiff could plead causes of action, whether torts or violation of employment-related laws, that would allow Plaintiff to make a good faith claim of more than $75,000 in damages.³ Accordingly, on this first motion to dismiss, and in light of the leniency to be accorded to plaintiffs representing themselves, it is not so clear that amendment would be futile such as to preclude leave to amend. *Cf. Seymour v. Mut. of N.Y. Life Ins. Co.*, No. 20-cv-7578 PA (JEMX), 2021 WL 4497502, at *2 (C.D. Cal. Mar. 1, 2021) ("[A] district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the [complaint] inadequately alleges jurisdiction."); *Prout v. Costco*, No. 24-cv-703 JLS (DEB), 2024 WL 2060143, at *3 (S.D. Cal. May 8, 2024) (granting leave to amend for failure to satisfy amount-in-controversy requirement, among other defects, even though "[t]he Complaint does not contain an alleged amount in controversy, but instead asserts only that Plaintiff suffered from 'bumps,' 'bruises,' and emotional distress.'"). The undersigned accordingly recommends dismissal for lack of subject matter jurisdiction, but with leave to amend.

### B. Failure to State a Claim

Defendant also argues that the Complaint lacks a cognizable legal theory. ECF No. 12 at 6. Regarding the allegations of a false report to FMCSA, Defendant argues it is unclear whether Plaintiff is alleging an intentional act or negligence.

As to Plaintiff's claim of failure to provide a final paycheck, Defendants argue that Plaintiff has not alleged he was an employee of either Defendant. ECF No. 12 at 7. Defendants argue that "defenses and potential liability under a wage claim are different than those under a breach of contract or common count claim," and they cannot respond without clearer allegations. *Id.* at 8. Thus, Defendants argue alternatively that the Court order a more definite statement under Fed. R. Civ. P. 12(e).

///

---

³ Plaintiff states that Defendants warned him they would destroy his life, which he contends they did by making a false report to FMCSA which led to a 3-month loss of work. ECF No. 1 at 5. Plaintiff also states Defendants refused to pay him his final paycheck. *Id.* Plaintiff also attaches a "Lease Agreement" between himself and Defendant Momand Trucking, Inc. (ECF No. 1 at 28), but it doesn't appear that he is alleging breach of contract.

As noted above, the Complaint is brief and does not contain clearly delineated causes of action.  Accordingly, the Complaint should be dismissed for failure to state a claim.  Plaintiff should be granted leave to amend to specifically identify what law or laws he believes Defendants violated and/or what torts or other legal wrongs he believes they committed.

V.     **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**:

1. Defendant's Motion to Dismiss (ECF Nos. 10 & 12) be GRANTED, with leave to amend; and,

2. Plaintiff be allowed 21 days to file a First Amended Complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 3, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE