UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJIBULLA AMIN, | No. 2:24-cv-03557-TLN-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAMAN MOMAND, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant's Motion to Dismiss (ECF No. 26), which seeks to dismiss the first amended complaint ("FAC") for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff failed to file an opposition to the motion. ECF No. 26. The Court recommends that the Motion to Dismiss be GRANTED and that Plaintiff be given a final opportunity to further amend.

**I.    Background and Procedural History**

The Complaint was filed on December 18, 2024. ECF No. 1. Plaintiff alleged jurisdiction based on diversity of citizenship and that Defendants owed him $37,234. *Id*. at 5. It appeared that Plaintiff alleged Defendants made a false report that Plaintiff refused a drug and alcohol test which resulted in Plaintiff's commercial license being suspended for three months. *Id*. Attached to the Complaint were some pay stubs as well as a "personal statement" from a purported witness.

1

1  *Id*. at 14.  The statement claimed that Defendant Mr. Momand fired Plaintiff and then made a
2  false report about him to the Federal Motor Carrier Safety Administration ("FMCSA").  *Id.*  The
3  personal statement claimed Defendants withheld Plaintiff's wages, and wages of other drivers.
4  *Id.*  Plaintiff attached additional affidavits with similar information.  *Id.* at 15-18.  There was also
5  a unsigned statement from Plaintiff.  *Id.* at 19-20.  It stated Defendants withheld a final paycheck
6  in the amount of $4,000 and made a false report to FMCSA, which resulted in Plaintiff being
7  unable to work for three months.
8       Defendants moved to dismiss the original complaint based on lack of jurisdiction and
9  failure to state a claim.  ECF No. 12.  A hearing was held on the motion to dismiss, but Plaintiff
10 failed to appear.  ECF No. 16.  The Court granted the motion and allowed Plaintiff leave to
11 amend.  ECF Nos. 17 & 23.  Plaintiff filed objections to the prior Findings and Recommendations
12 and an untimely opposition to the prior motion.  ECF Nos. 19, 20.
13      Plaintiff filed the FAC on May 12, 2025.  ECF No. 25.  The FAC contains extraneous
14 material, such as a paragraph objecting to the F&R which had already been adopted, and a further
15 statement explaining why Plaintiff was unable to appear at the prior hearing.  The FAC asserts in
16 a jurisdictional statement that the amount in controversy exceeds $75,000 "including claims for
17 backpay, tax liability consequences, emotional distress, reputational harm, and injunctive relief."
18 ECF No. 25 at 2.
19      The FAC alleges Plaintiff is owed a final paycheck of $4,000, that Defendants
20 misreported his income on a 1099 tax form resulting in erroneous increased tax liability, and that
21 Defendant Momand reported him to the FMCSA resulting in suspension of his commercial
22 license.  *Id*.  Plaintiff alleges that Defendant Momand threatened him in December 2023, and that
23 the inaccurate tax reporting and report to the FMCSA followed shortly thereafter in December
24 2023 and January 2024.  *Id*.  Plaintiff lists three claims for relief: 1) fraudulent tax reporting; 2)
25 retaliation and witness intimidation; and 3) unpaid wages/breach of contract.  *Id*. at 3.
26     **II.**    **Legal Standard for Motion to Dismiss Under Rule 12(b)(1)**
27      A motion under Rule 12(b)(1) challenges whether the court has subject-matter jurisdiction
28 over the action.  Such jurisdictional challenge can be either facial or factual.  *Safe Air for*

1  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger
2  asserts that the allegations contained in a complaint are insufficient on their face to invoke federal
3  jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations
4  that, by themselves, would otherwise invoke federal jurisdiction." *Id*.  In resolving a factual
5  attack on jurisdiction, the court may review evidence beyond the complaint without converting
6  the motion to dismiss into a motion for summary judgment.  *Id*.  If a facial challenge is made, the
7  court presumes the truth of a plaintiff's allegations and draws all reasonable inferences therefrom.
8  *Williams v. A&M Bros, LLC*, 2023 WL 4747481 (E.D. Cal. July 25, 2023) (citation and quotation
9  omitted).

### III.    Legal Standard on a Motion to Dismiss under Rule 12(b)(6)

11  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
12  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
13  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
14  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
15  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
16  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A
17  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
18  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
19  Iqbal*, 556 U.S. 662, 678 (2009).

20  In determining whether a complaint states a claim on which relief may be granted, the
21  court accepts as true all well-pleaded factual allegations in the complaint and construes the
22  allegations in the light most favorable to the plaintiff.  *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082,
23  1086 (9th Cir. 2020).  However, the court need not assume the truth of legal conclusions cast in
24  the form of factual allegations.  *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).
25  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
26  unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
27  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
28  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

3

1  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that
3  it has not alleged or that the defendants have violated the ... laws in ways that have not been
4  alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.
5  519, 526 (1983).

### IV.    Analysis

Defendants move to dismiss Plaintiff's FAC on two grounds: 1) the Court lacks subject matter jurisdiction because the amount in controversy is not met for purposes of diversity of citizenship jurisdiction; and 2) Plaintiff fails to state a claim. ECF No. 26 at 2. Defendants present a facial challenge to jurisdiction, alleging that even taking the allegations as true, jurisdiction is not sufficiently alleged. ECF No. 26 at 5-6. Alternatively, Defendants move for more definite statement pursuant to Rule 12(e). *Id.* at 2. Rule 12(e) allows for a motion for more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If the court issues an order requiring more definite statement, and the order is not complied with, the court may strike the pleading. *Id.*, *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

### A.    Subject Matter Jurisdiction

Defendants argue that under the allegations of the FAC the amount in controversy is not met and the only specific amount alleged is $4,000. ECF No. 26 at 6.[1] This argument somewhat ignores that the jurisdictional statement of the FAC states that the amount in controversy exceeds $75,000 "including claims for backpay, tax liability consequences, emotional distress, reputational harm." ECF No. 25 at 2.

When a complaint is filed initially in federal court, as it was here, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount alleged in the complaint controls so long as the claim is made in good faith. *Id.* "To justify dismissal, it must appear to a legal

---

[1] Page references herein are to the number generated by the Court's CM/ECF system and appearing on the upper right corner of the page.

certainty that the claim is really for less than the jurisdictional amount." *Id*. "A legal certainty exists when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Chey v. Orbitz Worldwide*, 983 F.Supp.2d 1219, 1230 (D. Hawaii 2013) (internal citation and quotation omitted).

The Court acknowledges that the initial complaint sought only $37,234, and that the Court found the original complaint insufficient to establish subject matter jurisdiction. However, Plaintiff has also argued that he lost three months wages due to the false report to FMCSA, was not paid his final paycheck, incurred over $10,000 in increased tax liability, and suffered emotional distress due to Defendants actions.[2] Particularly in light of the emotional distress component of Plaintiff's asserted damages, it would not be impossible to a legal certainty for Plaintiff to meet the amount-controversy requirement.

**B. Failure to State a Claim**

Defendants also argue the FAC should be dismissed for failure to state a claim. ECF No. 26 at 7-11. Defendants argue that Count I concerning the misreporting of tax liability does not state a cognizable claim. Defendants contend that to the extent this is some sort of fraud claim, it is not plead with particularity as required by Federal Rule of Civil Procedure 9(b). ECF No. 26 at 7. The FAC alleges that "Defendants issued Plaintiff a 1099 tax form that inaccurately reflected his income, omitting substantial amounts and/or misreporting figures." ECF No. 25 at 2. Plaintiff describes this claim as "fraudulent" tax reporting. *Id*. at 3. To the extent this is a claim for fraud, the Court agrees it is insufficiently pled.

Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state law causes of action. *See Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003). This is true even where the Court's jurisdiction is based on diversity. *Id.* ("We therefore reject [plaintiff's] argument that we should refuse to apply Rule 9(b) to his state-law causes of action in this diversity case."). Even where fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the claim as a whole must satisfy the

---

[2] Although not necessary to the Court's conclusion, Plaintiff filed a post-hearing supplement (ECF No. 30) in which he itemized claimed damages totaling $79,362.

5

particularity requirement of Rule 9(b)." *Id.* at 1103-04.  In order to meet the heightened pleading standard, "a party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted).

Plaintiff's Count I fails to state a claim.  Under California law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 981, 984 (1996).  Plaintiff has only alleged that his taxes were misreported, and that the misreporting resulted in damages in that his tax liability was erroneously inflated.  Plaintiff has not alleged that there was an intentional misrepresentation made with intent to defraud, or any facts that would support such an allegation.

Plaintiff's second count is that Defendant Daman Momand "made verbal threats and admitted retaliation in a recorded message," and his actions were meant to silence Plaintiff and prevent him from pursuing his legal rights.  ECF No. 25 at 3.  Plaintiff labels this claim as "retaliation."  Defendants correctly point out that it is unclear under what provision of law this retaliation claim allegedly arises.  ECF No. 26 at 9.  Defendants argue that if the claim is brought under FEHA, it is not cognizable.  *Id*. at 8-9.  "[I]n order to establish a prima facie case of retaliation under the FEHA,[3] a plaintiff must show (1) he or she engaged in a "protected activity," (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005).  Defendants argue that Plaintiff is not an employee of Defendants, and the FEHA protections do not apply to independent contractors, citing *Sada v. Robert F. Kennedy Medical Center,* 56 Cal.App.4th 138, 158 (1997).  In *Sada*, the court noted that under California's antidiscrimination statutes "independent contractors arguably do not fare as well."  However, the court did not definitely decide the question: "[W]e find it unnecessary to decide in

---

[3] Fair Employment and Housing Act, Ca. Gov. Code § 12940.

this case whether the FEHA protects independent contractors against retaliation." *Id.* at 159. Subsequent to *Saba*, in 2001, the Ninth Circuit recognized that "[i]n California's intermediate courts, the question of whether the FEHA protects independent contractors is unsettled." *Walker v. City of Lakewood*, 272 F.3d 1114, 1125 (9th Cir. 2001).

More recently, in *Herron v. Feast and Fareway*, *LLC*, 2023 WL 3488815 (Cal. Ct. App. 2023), the California Court of Appeal found that a non-employee could bring a retaliation claim under FEHA: "As to the FEHA retaliation claim, we conclude that even though the statute covers retaliation against a non-employee, the trial court correctly ruled that [plaintiff] failed to allege she had suffered an adverse employment action." *Id.* at *1. The court further stated: "[T]he plain language of the statute is not limited to retaliation against employees. Rather, it more broadly prohibits retaliation against *any individual* … for opposing a FEHA violation, filing a FEHA complaint, or testifying or assisting in any FEHA proceeding." *Id*. at *6 (emphasis is original). The court further held that second element of an adverse employment action, was still required even as to non-employees. *Id*. at *7. The court stated, "it is possible for an employer to retaliate against a non-employee in a manner resulting in an adverse employment action. For example, an employer could cause a non-employee to be fired from a job with another employer." *Id.*

Thus, the Court rejects Defendants' argument that it would be impossible for Plaintiff to assert a legally cognizable retaliation claim under FEHA. However, the Court agrees with Defendants that the claim is inadequately pled. It is unclear if Plaintiff sought to bring his "retaliation" claim under the FEHA, and if that is the claim, Plaintiff has failed to adequately plead the three elements set forth above. The Court finds Count II fails to state a claim.

Plaintiff's third claim is a claim for unpaid wages. He states that despite multiple demands Defendants failed to pay him his final $4,000 paycheck which "constitutes a breach of contract and/or labor law violations under California law." ECF No. 25 at 3. Defendants argue that Plaintiff has not alleged he was an employee of either Defendant. ECF No. 26 at 10. Defendants argue that "defenses and potential liability under a wage claim are different than those under a breach of contract or common count claim," and they cannot respond without clearer allegations. *Id.* Thus, Defendants argue alternatively that the Court order a more definite

7

statement under Fed. R. Civ. P. 12(e). *Id*. at 11.

The Court agrees this third count is indefinite. Plaintiff alleges he is "owed a final paycheck of $4,000" and "is owed $4,000.00 in final wages." ECF No. 25 at 2-3. However, Plaintiff does not assert what work was performed, during what time period, or the agreed compensation for the work. Plaintiff does attach a "Lease Agreement" (ECF No. 25 at 5), but should provide greater detail as to the work performed under the agreement and the alleged failure to pay. The elements of a claim for breach of contract are: (1) a contract existed, (2) plaintiff performed or is excused for nonperformance, (3) defendant breached, and (4) plaintiff was damaged." *Satvati v. Allstate Northbrook Indemnity Company*, 634 F.Supp.3d 792, 797 (C.D. Cal. 2022). Plaintiff has not alleged the manner in which he performed under the agreement. Defendants' breach may just be failure to pay, but the allegations are lacking as to what work was performed, at what agreed price, and the basis for the $4,000 owed. The Court will dismiss this count with leave to amend to provide a more definite statement.

**C. Leave to Amend**

Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Further leave to amend is appropriate here. Defendants correctly argued that Count I was not pled with particularity, and have argued in the alternative for a more definite statement. The Court agrees that the exact nature of Plaintiff's claims is unclear. For example, Plaintiff asserts that Defendants made a report to the FMCSA that resulted in his license being suspended and loss of wages. He also requests in his prayer for relief that the Court declare Defendants' conduct was "intentional interference," yet there is no count asserting such. If Plaintiff intends to assert a claim for tortious interference with business relations, he must allege facts in support of the following elements: 1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to plaintiff; 2) the defendant's knowledge of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) economic harm to plaintiff proximately caused by defendant. *Athena Feminine Tech., Inc. v.*

*Wilkes*, 2011 WL 4079927, *8 (N.D. Cal. Sept. 13, 2011).

Additionally, the FAC and Plaintiff's presentation at oral argument suggested that he may seeking to pursue a claim for intentional infliction of emotional distress. If Plaintiff is pursuing such claim, he must allege facts supporting the following elements: "1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; 2) that plaintiff suffered severe or extreme emotional distress; and 3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996). The Court concludes that leave to amend is appropriate for Plaintiff to clarify his allegations and to plead sufficient factual matter in support of his claims.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED**:

1. Defendant's Motion to Dismiss (ECF No. 26) be GRANTED, with leave to amend, and;

2. Plaintiff be allowed 28 days to file a Second Amended Complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9